OPINION
Defendant-appellant Brian Keith Brown appeals his conviction entered by the Stark County Court of Common Pleas on one count of domestic violence following a jury's verdict of guilty. The State of Ohio is plaintiff-appellee.
STATEMENT OF THE FACTS, Appellant's entire "Statement of the Facts" consists of the following: On or about February 15, 2000, there was an altercation between Appellant and Lorna [sic] Simmons. As a result, Appellant was arrested on February 20, 2000 and charged with domestic violence.
Appellant's Brief at 2.
In its brief to this Court, appellee offers the following additional factual information. During the early morning hours of February 15, 2000, deputies were dispatched to Lorena Simmons' residence to investigate a domestic violence complaint. Upon contacting Ms. Simmons, the deputies described her appearance as frightened, nervous and upset. Ms. Simmons complained of a bump on her head, reported appellant (her boyfriend) had struck her in the left eye, and had a rug burn on her left elbow. Ms. Simmons signed a domestic violence allegation against appellant. Appellant was subsequently arrested on February 20, 2000. At trial, Ms. Simmons testified she had lived with appellant on and off for the previous three years and shared a sexual relationship with him. Ms. Simmons further testified on February 15, 2000, while at her residence, she and appellant had a conversation which turned into an argument. Appellant was intoxicated at the time. Ms. Simmons testified she pushed appellant. At this point, the prosecutor asked the trial court to declare Ms. Simmons a court's witness because her trial testimony was alleged to be different from that given before the Grand Jury. The trial court did so declare, and the prosecutor was permitted to pose leading questions to Ms. Simmons. Thereafter, Ms. Simmons admitted she did not tell the deputies who arrived on the scene on February 15, 2000, she had pushed appellant. She went on to testify a screaming match took place between herself and appellant at the kitchen table and appellant took a swing at her, but missed. At that point, she pushed appellant. Appellant then hit her in the face with a closed fist, hit her in the back of the head, and hit her in the chest. Ms. Simmons eventually ran into her son's bedroom, locked the door and called 911. She remained on the telephone with the 911 operator until police arrived. The tape of the 911 call was admitted into evidence and played for the jury. Ms. Simmons stated she did not tell the deputies she pushed appellant because she feared they would take away her son. She also testified she told police after fleeing from the kitchen she had choked appellant at the top of the steps prior to locking herself in her son's room. At the conclusion of trial, appellant's counsel stipulated appellant had previously been convicted of domestic violence. Appellant assigns as error:
 I. THE JURY VERDICT FINDING APPELLANT GUILTY OF DOMESTIC VIOLENCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
Herein, appellant attacks the credibility of Ms. Simmons based upon inconsistencies in her statements to the deputies and her trial testimony, and also based upon the fact Deputy Brown did not observe any redness or swelling in her left eye when he arrived at her residence to investigate the domestic violence complaint. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed." The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins (1997), 78 Ohio St.3d 380,387 citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1. Upon applying the aforementioned standard of review to the testimony noted supra, we do not find the jury's verdict was against the manifest weight of the evidence. Appellant's sole assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J. Gwin, P.J. and Reader, V.J. concur